STATE OF NORTH CAROLINA v. HARWYN RENEE DAVIS

No. 8813SC1082

(Filed 20 June 1989)

**Searches and Seizures § 12— frisk of all persons in lounge — seizure of gun from defendant — no unconstitutional search and seizure**

Alcohol law enforcement agents and law officers were reasonable in their belief that patrons in a lounge might be armed and dangerous, and this determination was no less reasonable or prudent because it was made prior to the entry into the lounge, so that a frisk of all persons in the lounge and the seizure of a gun from defendant's person as a result thereof were not unconstitutional. N.C.G.S. § 15A-255.

APPEAL by defendant from *Cornelius, Judge*. Judgment entered 28 July 1988 in Superior Court, BRUNSWICK County. Heard in the Court of Appeals 17 May 1989.

On the evening of 20 November 1987 defendant was seated in the LTD Lounge in Brunswick County. Alcohol Law Enforcement (ALE) agents along with several Brunswick County deputy sheriffs entered the lounge pursuant to a valid search warrant and announced that they intended to search the premises and the two proprietors of the lounge. ALE agent Billy Nichols instructed all persons in the lounge to raise their hands above their heads, and he announced that they all would be frisked for weapons.

Defendant raised his hands as instructed, but he attempted three times to lower one hand. Each time defendant lowered his hand Agent Nichols told defendant to keep his hands up. After the third attempt Nichols frisked defendant and felt an object in defendant's coat. Nichols then reached in defendant's coat pocket and found a .32 caliber revolver.

Defendant was arrested and subsequently indicted for possession of a handgun by a convicted felon, for carrying a concealed weapon, and for carrying a handgun into an establishment in which alcoholic beverages were served and consumed. Defendant moved to suppress the gun as evidence, and the trial court conducted a hearing on the motion. The court ultimately denied the motion, and subsequently defendant pled guilty to the felony of carrying

a handgun by a convicted felon. The trial court found defendant guilty and sentenced him to the two-year presumptive term. From that judgment, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General D. David Steinbock, for the State.*

*Michael R. Ramos for defendant appellant.*

ARNOLD, Judge.

Defendant argues that the trial court committed reversible error in denying his motion to suppress because the search and seizure were arbitrary and unreasonable, and thus they violated the Fourth Amendment of the United States Constitution and Article One, Section 20 of the North Carolina Constitution.

N.C.G.S. § 15A-255 provides as follows:

> An officer executing a warrant directing a search of premises or of a vehicle may, if the officer reasonably believes that his safety or the safety of others then present so requires, search for any dangerous weapons by an external patting of the clothing of those present. If in the course of such a frisk he feels an object which he reasonably believes to be a dangerous weapon, he may take possession of the object.

It is obvious that this statute explicitly allows the type of "frisk" that the ALE agents conducted in the case *sub judice.* Defendant contends, nevertheless, that the "search and seizure" were unconstitutional. We do not agree.

This Court addressed a very similar case in *State v. Long,* 37 N.C. App. 662, 246 S.E. 2d 846, *rev. denied and appeal dismissed,* 295 N.C. 736, 248 S.E. 2d 866 (1978). In *Long,* Air Force investigators obtained search warrants from their base commander to search the on base house of an Air Force sergeant and to search the sergeant himself. Defendant Long was present in the house when the investigators entered and he was frisked to determine if he were armed. The frisking investigator felt a sharp pointed object in one of Long's boots which felt like a knife, but which turned out to be a spoon wrapped in plastic containing several packets of heroin. Long was arrested and convicted of carrying and possessing contraband. *Id.*

STATE v. DAVIS

[94 N.C. App. 358 (1989)]

In addressing defendant Long's argument that the search and seizure were unconstitutional, Justice Mitchell (then Judge) stated that "[o]nly those searches and seizures which are unreasonable are constitutionally prohibited." *Id.* at 667, 246 S.E. 2d at 850. He went on to say, however, that the facts of *Long* did not require that the court determine whether complete searches of all individuals present in the sergeant's home for contraband would have been constitutional. *Id.* The court held that:

> the investigators limited their search of the defendant to a "frisk" for weapons and did not conduct a complete search of the defendant's person. . . . [W]e find that a limited "frisk" or search for weapons is reasonable and may be constitutionally made of all individuals present in a private residence, when the residence is searched pursuant to a valid search warrant based upon probable cause. . . .

*Id.* at 668, 246 S.E. 2d at 851.

In the case *sub judice*, the agents and officers had firsthand knowledge from previous searches of the LTD Lounge that its patrons often carried weapons. Defendant contends that because the agents had already determined that they were going to frisk patrons before they entered the lounge, there was no probable cause to search him. Had the agents fully searched the patrons we would agree with defendant, however the frisks were solely for the safety of the officers and those patrons present during the search.

In *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889, 88 S.Ct. 1868 (1968), the United States Supreme Court held that "stop and frisk" procedures by police officers are covered by the protection of the Fourth Amendment. However, the court added that "there must be a narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime." *Id.* at 27, 20 L.Ed. 2d 889, 88 S.Ct. 1868. The test for a constitutional stop and frisk is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others is in danger. *Id.*

We conclude that in the case *sub judice* the agents and officers were reasonable in their belief that patrons in the LTD Lounge

might be armed and dangerous. This determination was no less reasonable or prudent because it was made prior to the entry into the lounge.

Defendant also contends that the frisk and seizure of his gun by Agent Nichols were unconstitutional under Article One, Section 20 of the North Carolina Constitution. Defendant neither provides any authority for his assertion, nor does he provide any argument other than to state his contention.

Nevertheless, we find that our Supreme Court has held that even though North Carolina has no "stop and frisk" statute, this is not fatal to the authority of law enforcement officers to stop suspicious persons and search them for weapons. *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973). The Supreme Court not only stated that the "stop and frisk" was a time-honored police procedure, but it also cited *Terry* to point out that this procedure was constitutional under the United States Constitution. *Id.*

The North Carolina Supreme Court has upheld the "stop and frisk" procedure, and this fact, coupled with the specific grant of authority in N.C.G.S. § 15A-255, leads us to conclude that the actions by the ALE agents in the case *sub judice* were not unconstitutional under the North Carolina Constitution. *Accord, State v. Peck*, 305 N.C. 734, 291 S.E. 2d 637 (1982).

No error.

Chief Judge HEDRICK and Judge WELLS concur.